IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GLENDA J. HOLT, )
)
Plaintiff, )
)
v. ) Case No. CIV-09-383-RAW-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Glenda J. Holt (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 9, 1950 and was 58 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in the past as a car hop, cleaning lady, cook, cookie shop worker, and day care worker. Claimant alleges an inability to work beginning August 31, 2000, due to

3

COPD, asthma, depression, and anxiety.

## Procedural History

On May 7, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 17, 2008, an administrative hearing was held before ALJ Edward L. Thompson in Ardmore, Oklahoma. On June 12, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On July 31, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that while Claimant suffered from medically determined impairments, none of her impairments were "severe" as that term is defined by the Social Security regulations such that they significantly limited Claimant's ability to perform basic work-related activities for 12 consecutive months.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to consider Claimant's treating physician's medical opinion; and (2)

failing to engage in a proper credibility determination. Claimant also contends the Appeals Council erred in accepting the ALJ's determination that Claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities.

## Treating Physician's Opinion

Claimant asserts the ALJ failed to consider the opinion of her treating physician. Cutting through all of the rhetorical questions and unnecessary hyperbole which fills Claimant's brief, the essential information which Claimant omits from her argument is the identity of the treating physician whose opinion the ALJ allegedly ignored. Claimant alleges she suffered from some condition which affected her breathing for "eight long years" which went undiagnosed until September 18, 2008. On that date, Claimant underwent a flexible fiber optic brochoscopy after a CT scan allegedly revealed a tracheal obstruction. The brochoscopy was performed by Dr. Thomas Papin. He observed a "severe tracheal stricture" with the "mucosa surrounding the stricture [having] a whorled appearance, suggestive of fibrosis." (Tr. 192).

Prior to Dr. Papin's testing in December of 1999 and January of 2000, Claimant had been treated by Dr. Virgil D. Smith. On December 30, 1999, Dr. Smith determined Claimant had a "full blown

case of reversible airway disease." (Tr. 167-68). Claimant was prescribed inhalers and other medications. (Tr. 168).

On January 6, 2000, Dr. Smith again found Claimant suffered from "reversible airway" and maintained her medication. He concluded "[s]he is much better." (Tr. 167). On February 22, 2000, Claimant reported to Dr. Smith who found she had experienced several bad episodes of asthma over the winter. (Tr. 165). On January 22, 2001, Claimant reported to Dr. Smith for refills for her inhaler. (Tr. 164). On January 28, 2002, Claimant was again attended by Dr. Smith who noted Claimant told him "she is having absolutely no problem with her breathing and hasn't had all year, . . . ." although she reported depression. (Tr. 161). Claimant did not complain of breathing problems throughout visits with Dr. Smith until July of 2003. (Tr. 154-56). At that time, Claimant complained of upper respiratory symptoms but did not make the same complaint in a December, 2003 visit. (Tr. 152-53). Claimant did not complain of breathing problems throughout her June, 2004 visits with Dr. Smith. (Tr. 150-51).

In September of 2004, Claimant exhibited "severe asthma with reversible airway." Dr. Smith suspected chronic bronchitis and emphysema. (Tr. 149). Throughout 2005 and until October of 2006, Claimant had continuing sinobronchitis problems. (Tr. 139-46). On

October 25, 2006 recognizing a change in Claimant's condition, Dr. Smith noted that Claimant had "rather severe reversible airway disease. It doesn't revers as well as it use to." (Tr. 137). By an October 2, 2007 visit with Dr. Smith, Claimant is noted to have "severe upper respiratory, more tracheal obstruction than brochial it seems like" which continued into an October 9, 2007 visit. (Tr. 134-35). In January of 2008, Dr. Smith noted Claimant's "raspy voice from tracheal obstruction but her lung performance is really quite good." (Tr. 131).

On November 7, 2008, Claimant was seen by Dr. Greg Krempl. Claimant told Dr. Krempl she began having problems breathing in 2000. She also told him "[s]he got better and did well for a number of years" until September of 2008 when she had a brochoscopy performed which showed tracheal narrowing. (Tr. 217). Dr. Krempl recommended dilation, tracheostomy, and tracheal resection, which was complicated by diffuse thyroid enlargement. (Tr. 219).[2]

Claimant appears to take issue with two findings of the ALJ - neither of which really bear on the treating physician rule. Apparently applying his own medical opinion to the evidence, Claimant's counsel states Claimant "should not be penalized by this

---

[2] This Court would be remiss if it did not point out that all of the evidence suggesting Claimant suffers from a tracheal stricture was developed after the expiration of Claimant's period of insured status on June 30, 2006.

ALJ because her doctor's diagnosis was wrong or incomplete (her doctor diagnosed her with reversible versus obstructive airway disease because he never scoped her)." *Claimant's Brief at p. 8.* Nothing in the medical record supports this conclusion. No medical professional, including Dr. Papin, has ever determined that Dr. Smith's diagnosis of reversible airway disease **when it was made** was incorrect. His treatment of the condition was, by all measures, effective for a number of years, bringing into question Claimant's second conclusion - that the ALJ was incorrect in his finding that she did well until August of 2008. The medical evidence supports this conclusion. This Court also rejects Claimant's position that the ALJ was required to examine the evidence longitudinally and, by doing so, draw the conclusion that Claimant's tracheal stricture was present for the eight years prior to the condition's discovery. Again, nothing in the medical record would indicate this result.

In essence, if it is Dr. Papin's opinion Claimant contends the ALJ ignored, Claimant's position is not supported by the ALJ's decision. The ALJ recognized Dr. Papin's findings. (Tr. 41). Nothing in Dr. Papin's records indicates that he placed a functional limitation upon Claimant due to this condition. Claimant seeks to have the ALJ and this Court to draw medical conclusions based upon the diagnosis rather than competent medical

8

evidence. As a result, this Court finds no error in the ALJ's evaluation of Dr. Papin's opinions, presuming, of course, that this is the treating physician Claimant sought to bring to issue.

Mixed into the portion of Claimant's brief on the treating physician rule is an argument that the ALJ did not properly consider Claimant's obesity. Claimant meets the criteria for obesity. An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p. However, as recognized by the Tenth Circuit Court of Appeals, speculation upon the effect of obesity is discouraged.[3] See, Fagan v. Astrue, 2007 WL 1895596, 2 (10th Cir.). No medical evidence is present in the record to indicate Claimant's obesity has restricted his ability to work or exacerbated any other of his alleged impairments. Moreover, as Defendant points out, it does not appear Claimant raised this argument before the ALJ and he should generally be able to rely upon a claimant's counsel to frame the claims such that they are adequately explored. Hawkins v. Chater, 113 kF.3d 1162, 1167 (10th Cir. 1997). The ALJ did not

---

2 "[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments." Soc. Sec. R. 02-01p.

commit error in failing to consider Claimant's obesity.

**Credibility Determination**

The ALJ determined Claimant's claims of intensity, persistence, and the limiting effects of his symptoms were not credible because they were inconsistent with his RFC. Claimant cites to the various references in the record to her audible wheezing. Claimant's counsel apparently equates this fact with a finding that the her condition represents a severe impairment or that her statements of limitation are rendered more credible.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the

individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. This Court finds no error in the ALJ's credibility findings.

## Appeals Council Decision

Claimant argues that the Appeals Council "erred in accepting the ALJ's determination that the claimant did not have a [severe] impairment or combination of impairments." This Court is unsure as to the relief Claimant seeks in this argument. Generally, the decision of the Appeals Council to deny review is not considered unless it concerns questions of law specifically associated with the Council's review process, such as whether new evidence should have been considered. Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003). No such issue has been raised in this case.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing

reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE